| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kenneth G Lau<br>Office of the United States Trustee<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017<br><br>213-894-4480<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| In re:<br><br><br>Beverly Monique Murray-Calcote<br><br><br><br>Debtor(s), | CASE NO.: 2:17-bk-11972-RK<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 2:17-ap-01487-RK |
|---|---|
| United States Trustee (LA)<br><br><br><br>Plaintiff(s)<br><br>Versus<br>Beverly Monique Murray-Calcote<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **10/30/2017.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **November 28, 2017** |
| **Time:** | **01:30 PM** |
| **Hearing Judge:** | **Robert N. Kwan** |
| **Location:** | **255 E Temple St., Crtrm 1675, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


                                        KATHLEEN J. CAMPBELL
                                        CLERK OF COURT



Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: September 28, 2017




                        By:    "s/" Mary Bakchellian

                                Deputy Clerk




---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|-------------|-----------|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                    **F 7004-1.SUMMONS.ADV.PROC**

# FREE LEGAL HELP

A creditor has sued you in bankruptcy court. You were served with a Summons and Complaint, and you must now file an Answer. If you do not file an Answer on time, the court may enter a default judgment against you. This means that your debt may not be discharged and you will be responsible for paying it back.

## IF YOU CAN NOT AFFORD AN ATTORNEY, FREE LEGAL HELP MAY BE AVAILABLE.

For more information, call:

### Public Counsel's

### Debtor Assistance Project Hotline

### (213) 385-2977, ext. 704



**Public Counsel**
L A W   C E N T E R

35TH ANNIVERSARY

THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

# AYUDA LEGAL GRATUITA

Su acreedor le ha demandado en la corte de bancarrota. Usted recibió la demanda, llamada "Summons" y "Complaint." Usted debe archivar una respuesta a la demanda en la corte. Si no archiva la respuesta a tiempo, la corte puede decidir en su contra. Si eso sucede, la deuda no se descargará en su caso de bancarrota y Usted será responsable por pagar al acreedor.

### SI LE FALTAN RECURSOS PARA CONTRATAR A UN ABOGADO, LLAME A LA LINEA DE AYUDA LEGAL GRATUITA.

Para mas información, llame al:

### Proyecto de Ayuda al Deudor
### de
### Public Counsel

### (213) 385-2977, ext. 704



35TH ANNIVERSARY

THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

FORM B104  (08/07)                                                                            2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>U.S. TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA,<br>REGION 16 | DEFENDANTS<br>BEVERLY MONIQUE MURRAY-CALCOTE |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Kenneth G. Lau, Office of the United States Trustee,<br>915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017-3560,<br>(213) 894-4480 | ATTORNEYS (If Known)<br>Julie J Villalobos, Oaktree Law, 10900 183rd St Ste 270,<br>Cerritos CA 90703, (562) 741-3938 |
| PARTY (Check One Box Only)<br>☐ Debtor   ☑ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Complaint for Denial of Debtor's Discharge Pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4) and (a)(5) |
|---|

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false
representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state
court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 0.00 |

Other Relief Sought
Denial of Debtor's Discharge

FORM B104 (08/07), page 2                                                2007 USBC, Central District of California

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| BEVERLY MONIQUE MURRAY-CALCOTE | 2:17-bk-11972RK |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Los Angeles | Kwan |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 9/27/17 | KENNETH G. LAU |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  JILL M. STURTEVANT, State Bar No. 089395
   ASSISTANT UNITED STATES TRUSTEE
3  KENNETH G. LAU, State Bar No. 155314
   TRIAL ATTORNEY
4  OFFICE OF THE UNITED STATES TRUSTEE
   915 Wilshire Blvd., Suite 1850
5  Los Angeles, California 90017-3560
   (213) 894-4480 telephone
6  (213) 894-2603 facsimile
   Email:      *Kenneth.G.Lau@usdoj.gov*
7

8                  **UNITED STATES BANKRUPTCY COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10 | In re:                                        | )  Case No.: 2:17-bk-11972 RK
   |                                               | )
11 | **BEVERLY MONIQUE MURRAY-**                   | )  Chapter 7
   | **CALCOTE,**                                  | )
12 |                                               | )  Adv. No.: 2:17-ap-01487 RK
   |                Debtors.                        | )
13 |                                               | )
   | _____          | )
14 | **UNITED STATES TRUSTEE FOR THE**             | )  NOTICE OF REQUIRED COMPLIANCE
   | **CENTRAL DISTRICT OF CALIFORNIA,**           | )  WITH FEDERAL RULE OF BANKRUPTCY
15 | **REGION 16,**                                | )  PROCEDURE 7026 AND LOCAL
   |                                               | )  BANKRUPTCY RULE 7026-1
16 |                Plaintiff,                      | )
   | vs.                                           | )  Status Conference Date:
17 |                                               | )  Date:
   | **BEVERLY MONIQUE MURRAY-**                    | )  Time: 10:00 a.m.
18 | **CALCOTE,**                                  | )  Courtroom: 1675
   |                                               | )
19 |                Defendant.                      | )

20         PLEASE TAKE NOTICE that pursuant to Local Bankruptcy Rule 7026-1, notice is hereby

21 given that compliance with the above Local Bankruptcy Rule and Federal Rule of Bankruptcy

22 Procedure 7026 is required in the above adversary matter as such proceeding is governed by Part

23 VII of the Federal Rules of Bankruptcy Procedure.

24 Dated:        September 27, 2017              Respectfully submitted,

25

26

27                                              _____
                                                KENNETH G. LAU
28                                              Attorney for the United States Trustee

                                      - 1 -

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  JILL M. STURTEVANT, State Bar No. 089395
   ASSISTANT UNITED STATES TRUSTEE
3  KENNETH G. LAU, State Bar No. 155314
   TRIAL ATTORNEY
4  OFFICE OF THE UNITED STATES TRUSTEE
   915 Wilshire Blvd., Suite 1850
5  Los Angeles, CA 90017-3560
   (213) 894-4480 telephone
6  (213) 894-2603 facsimile
   Email: *kenneth.g.lau@usdoj.gov*
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11  In re:                              )   Case No.: 2:17-bk-11972 RK
                                        )
12  **BEVERLY MONIQUE MURRAY-**          )   Chapter 7
    **CALCOTE,**                         )
13                                       )   Adv. No.: 2:17-ap-01487 RK
             Debtor(s).                  )
14  _____ )
                                        )   **COMPLAINT FOR DENIAL OF**
15  **UNITED STATES TRUSTEE FOR THE**    )   **DISCHARGE PURSUANT TO 11 U.S.C. §**
    **CENTRAL DISTRICT OF CALIFORNIA,**  )   **727(a)(2), (a)(3), (a)(4) and (a)(5)**
16  **REGION 16,**                       )
                                        )   (Status conference to be set by the Court – <u>See</u>
17             Plaintiff(s),             )   summons)
    vs.                                  )
18                                       )
    **BEVERLY MONIQUE MURRAY-**          )
19  **CALCOTE,**                         )
                                        )
20             Defendant(s).             )
                                        )
21  _____ )

22

23         Plaintiff, United States Trustee for the Central District of California, Region 16, by the

24  undersigned attorney, respectfully represents and alleges as follows:

25                  **STATEMENT OF JURISDICTION AND VENUE**

26         1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

27  157(a) and 1334, 11 U.S.C. § 727, and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule")

28  7001(4).  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

                                        - 1 -

2.    This adversary proceeding arises out of and relates to the now-pending Chapter 7 case of <u>In re Beverly Monique Murray-Calcote</u>, Case No. 2:17-bk-11972 RK, (the "instant case") which commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on February 17, 2017.  Therefore, venue is proper pursuant to 28 U.S.C. § 1409.

3.    The Bankruptcy Code at 11 U.S.C. § 727(c)(1) provides that the United States Trustee may object to the granting of a discharge under 11 U.S.C. § 727(a).

### PARTIES TO THE ACTION

4.    As of the commencement date of this action, Plaintiff is and was the United States Trustee for the Central District of California, Region 16 ("Plaintiff" or "U.S. Trustee").

5.    Defendant and Debtor BEVERLY MONIQUE MURRAY-CALCOTE, (hereafter known as "Debtor" or "Defendant") is the petitioner in bankruptcy case no. 2:17-bk-11972 RK (the "instant case"), and her voluntary petition identifies her residence as 3166 West Ave M-2, Lancaster CA 93536 ("Lancaster Property").  Plaintiff will accordingly serve this complaint on Defendant at such residence address, as well as upon her present counsel of record, Julie J. Villalobos.

### STATEMENT OF STANDING

6.    Plaintiff, as the United States Trustee for the Central District of California, Region 16, has standing to bring this action under 11 U.S.C. §§ 307 and 727.

### GENERAL ALLEGATIONS

7.    Plaintiff hereby incorporates paragraphs 1 through 6 inclusive, as if fully set forth herein.

8.    On February 17, 2017, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. Rosendo Gonzalez was subsequently appointed chapter 7 trustee ("Trustee") and he continues to serve in that capacity.

9.    The initial meeting of creditors under § 341(a) was held on March 24, 2017 (the "Initial 341(a)"), so the initial bar date for filing a complaint under 11 U.S.C. § 727 and/or a motion to dismiss under 11 U.S.C. § 707(b) was May 23, 2017 (the "727 Deadline").

10.    The Debtor failed to respond to a written request on or about May 2, 2017 from Plaintiff to stipulate to a continuance of the 727 Deadline to allow the Trustee and the Plaintiff to timely complete their respective inquiries into the factual circumstances presented in the instant case.[1]  As a result, on or about May 15, 2017, the Trustee filed a motion to extend the 727 Deadline for both the Trustee and Plaintiff to September 29, 2017, which motion (Docket # 18) was granted by order entered on June 12, 2017 (Docket # 27).

11.    Therefore, this complaint is timely filed.

12.    The Initial 341(a) examination has been continued a number of times for the Debtor's provision of additional information and the related production of additional documentation requested by the Trustee from March 24, 2017 to May 1, 2017, June 5, 2017, July 18, 2017, August 22, 2017 and presently to October 6, 2017.  Despite this effort as well as the Debtor's filing of amended Schedules and Statement of Financial Affairs on July 13, 2017, to date, Plaintiff is informed and believes that the Debtor has failed to produce all requested documents in response to the express requests of the Trustee and his counsel of record.

13.    Based upon information obtained during Plaintiff's investigation, Defendant's bankruptcy schedules and Statement of Financial Affairs (SOFA), filed on February 17, 2017, fail to disclose the interest held by the Debtor and/or her non-Debtor spouse in various assets, including but not limited to the following:

a.    At least five (5) undisclosed corporations, wherein the Debtor and or her non-filing spouse were either officers or directors (the "Business Entities"), including "Hair

---

[1]Shortly after this, on or about June 16, 2017, Debtor-Defendant filed a <u>Substitution of Attorney</u>, Docket # 32, substituting in present counsel Villalobos in place of initial counsel Alon Darvish.

Connections Plus,"[2] "BSM Kicks, Inc." "Optimus Mortgage," "Coty Real Estate

Group, Inc.," and "Saxxon & Associates Inc.;"

    b.    Defendant's Cosmetologist license and related income therefrom as a

hairstylist/Manager in connection to "Hair Connections Plus;"

    c.    At least three (3) additional bank accounts held at Wells Fargo in the name of the

Bobbye J. Rives Trust (the "Trust Bank Accounts");

    d.    Real property located at 5453 Shenandoah Avenue in Los Angeles, California

90056[3] ("Shenandoah Property");

    e.    At least two (2) pending lawsuits, Los Angeles Superior Court ("LASC") Case No.

BC525376 and LASC Case No. BC651610[4]; and

    f.    Defendant's interest in and to the Bobbye J. Rives Trust ("Rives Trust"), including

an interest in real property held in North Carolina.

    14.    With respect to Defendant's interest in and to the Rives Trust-- which is the subject

of both of the lawsuits listed in Defendant's initial and amended SOFA, Part 4, item 9—while

Defendant's amended Schedule A/B, line 25, belatedly adds Defendant's interest in the Rives

Trust, Defendant's explanatory note, "Debtor received approximately $85,000 in 02/2015 from

Bobbye J. Rives' will.  Debtor is Trustee but not a beneficiary under the Trust," is internally

inconsistent with her own amended SOFA, filed as part of the same amendment, Part 2, item 5,

wherein Defendant asserts and confirms that she did not receive any non-employment "other

income" during 2017 or either 2015 or 2016, "the two previous calendar years."

---

    [2]In response to the Trustee's repeated requests, Defendant belatedly disclosed the existence of her membership interest in this limited liability company in her amended SOFA, Part 11, item 27, filed on July 13, 2017.

    [3]Defendant was listed as a "co-occupant" at this property in August 2016.

    [4]This is an undisclosed personal injury lawsuit brought by Defendant, stemming from injuries allegedly sustained by Defendant in a pre-petition February 27, 2015 car accident, filed by Defendant less than one week after commencing the instant bankruptcy case.

1

**FIRST CLAIM FOR RELIEF**

2

**[Intentional Transfer and Concealment of Debtor's Property or Property of the Estate**

3

**in Violation of  11 U.S.C. § 727(a)(2)(A) and (B)]**

4      15.    Plaintiff hereby realleges and incorporates by this reference each and every

5      allegation contained in paragraph 1 through 14, inclusive, as though fully set forth herein.

6      16.    Plaintiff alleges that Defendant, with intent to hinder, delay or defraud a creditor or

7      officer of the estate charged with custody of property, transferred, removed, and/or concealed or

8      permitted to be transferred, removed, and/or concealed, property of the debtor within one year

9      prior to her bankruptcy filing.

10      17.    Plaintiff further alleges that Defendant, with intent to hinder, delay or defraud a

11      creditor or officer of the estate charged with custody of property, transferred, removed, and/or

12      concealed or permitted to be transferred, removed, and/or concealed, property of the estate after

13      the commencement of the instant case filing.

14      18.    Pursuant to 11 U.S.C.  § 727(a)(2)(A), the Court shall not grant the debtor a

15      discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate

16      charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or

17      concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–(A)

18      property of the debtor, within one year before the date of the filing of the petition; or (B) property

19      of the estate, after the date of the filing of the petition ...".

20      19.    Plaintiff alleges that Defendant knowingly, intentionally, and fraudulently

21      concealed, transferred and or removed, or permitted to be transferred, removed, and/or concealed

22      at least $85,000.00 in "other income" received from the Rives Trust as well as an undisclosed

23      amount of income earned as a cosmetologist/hairstylist/ Manager at or with the "Hair Connection

24      Plus" salon, or the proceeds thereof, until February 17, 2017, the instant case commencement date

25      (the "Prepetition Transfers").

26      20.    Defendant transferred these prepetition funds/assets to various parties, including

27      herself and her non-debtor spouse, with the intent to hinder, delay, and to defraud creditors and

28      officers of the estate (the Chapter 7 trustee and the U.S. Trustee) because she failed to list or

1    otherwise identify these transfers and/or gifts on her Schedules and SOFA, which were declared to

2    be true and correct under penalty of perjury.

3         21.    Plaintiff further alleges that Defendant intentionally and fraudulently concealed the

4    existence of at least five (5) undisclosed corporations, wherein the Debtor and or her non-filing

5    spouse were either officers or directors, including "Hair Connections Plus," "BSM Kicks, Inc."

6    "Optimus Mortgage," "Coty Real Estate Group, Inc.," and "Saxxon & Associates Inc.", as well as

7    at least two (2) pending lawsuits, Los Angeles Superior Court ("LASC") Case No. BC525376 and

8    LASC Case No. BC651610, the latter a personal injury suit seeking damages for a February 2015

9    car accident, filed by Defendant less than a week after commencing the instant bankruptcy case.

10         22.    Plaintiff further alleges that Defendant intentionally and fraudulently concealed her

11    interest in and to the Rives Trust, including an interest in real property held in North Carolina, as

12    well as at least three (3) Trust Bank Accounts held at Wells Fargo, for which Defendant is and was

a signatory.

13         23.    Therefore, Defendant intentionally and fraudulently transferred and concealed at

14    least $85,000 by transferring monies to herself, her non-debtor spouse, and undisclosed third

15    parties in the months leading up to her bankruptcy filing, failing to acknowledge the existence of

16    such assets on her initial and amended Schedules and statements, and falsely affirming, under

17    penalty of perjury, that she did not make transfers within two years prior to her bankruptcy filing.

18         24.    Accordingly, Defendant's discharge should be denied as a consequence of

19    transferring, removing, and/or concealing property of the estate within one year prior to the

20    bankruptcy filing with the intent to hinder, delay, and/or defraud creditors and officers of the estate

21    pursuant to 11 U.S.C. § 727(a)(2)(A), as well as transferring, removing, and/or concealing property

22    of the estate, after the date of the filing of the petition in violation of 11 U.S.C. § 727(a)(2)(B).

23    **SECOND CLAIM FOR RELIEF**

24    **[Failure to Keep or Preserve Recorded Information under 11 U.S.C. § 727(a)(3)]**

25         25.    Plaintiff hereby realleges and incorporates by this reference each and every

26    allegation contained in paragraph 1 through 24, inclusive, as though fully set forth herein.

27

28

26.     Pursuant to 11 U.S.C. § 727(a)(3), the Court shall not grant the debtor a discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

**Failure to Maintain Business Records**

27.     Defendant is an admitted business owner of Hair Connection Plus.

28.     Despite this, to date, Defendant has failed to even identify her interest, or that of her non-debtor spouse, as an owner, officer or director of at least three additional Business Entities, to wit:  "Optimus Mortgage," "Coty Real Estate Group, Inc.," and "Saxxon & Associates Inc." and perhaps "BSM Kicks, Inc.".

29.     Plaintiff alleges that Defendant has failed to keep or preserve any recorded information, including books, documents, records, and papers, relating to the receipts and disbursements related to any and all of the Business Entities.

30.     Plaintiff alleges that because Defendant has failed to maintain and preserve recorded information relating to these receipts and disbursements, her financial condition and business transactions related to any and all of the Business Entities cannot be ascertained.

31.     Plaintiff further alleges that the willful and continuing failure to maintain or preserve business records evidencing these receipts and disbursements is not justified under the circumstances presented in this case.

**Failure to Maintain Personal Financial Records**

32.     Defendant is admittedly employed as a law enforcement officer for the Los Angeles Police Department.    However, in both her initial and amended bankruptcy schedules and statements, Defendant has also failed to fully disclose all sources of prepetition income, including her income as a hairstylist/cosmetologist/Manager for Hair Connection Plus, as well as her belatedly-disclosed receipt of $85,000.00 in "other income" in February 2015 from the Rives Trust.

33.    Plaintiff therefore alleges that Defendant has failed to keep or preserve any recorded information, including books, documents, records, and papers, relating to her personal finances including all sources of income.

34.    Plaintiff further alleges that the failure to maintain or preserve such records evidencing Defendant's personal income sources is not justified under the circumstances.

35.    Accordingly, Defendant's discharge should be denied as a consequence of failing to keep or preserve recorded information from which her financial condition or business transactions might be ascertained pursuant to 11 U.S.C. § 727(a)(3).

### THIRD CLAIM FOR RELIEF

### [False Oath under 11 U.S.C. § 727(a)(4)(A)]

36.    Plaintiff hereby realleges and incorporates by this reference each and every allegation contained in paragraph 1 through 35, inclusive, as though fully set forth herein.

37.    Pursuant to 11 U.S.C. § 727(a)(4)(A), the Court shall not grant the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case–(A) made a false oath or account.

38.    Under penalty of perjury, Defendant attested to the truth, accuracy and completeness of information contained in her bankruptcy petition and schedules, initial and amended, for the instant case by signing the voluntary petition, declaration concerning debtor's schedules, and declaration following the Statement of Financial Affairs.

39.    Defendant's initial Schedule A/B, item 25 expressly listed "No" for "Trusts, equitable or future interests in property, and rights or powers exercisable for [Debtor's] benefit."

40.    Defendant's amended Schedule A/B, item 25 belatedly disclosed Defendant's interest as a "Trustee but not a beneficiary under the Trust" while simultaneously admitting to her receipt of "approximately $85,000 in 02/2015" from the Rives Trust.

41.     Similarly, while Defendant's initial Schedule A/B, item 1, lists her Lancaster Property, Defendant's amended Schedule A/B, item 1 added a "Burial Plot" valued at $3,500.00.[5]

42.     Defendant's initial Schedule A/B fails to list any bank account related to the Rives Trust, despite the Defendant's apparent signatory authority over several such accounts. Defendant's amended Schedule A/B increases the number of listed bank accounts from two to seven, but again none of these accounts are related to the Rives Trust.  Instead, Defendant's amended SOFA, Part 9, item 23, "Identify Property You Hold or Control for Someone Else," was changed from "No" to at least four separate accounts:  a personal checking and savings account valued at $1,500.00, a "Money Market Account" valued at $80,000.00 and a "Corporate Account" for BSM Kicks valued at $10,000.00, wherein the $91,500.00 "is all mother's."  Further Defendant also added another Wells Fargo Bank account for the Rives Trust holding $31,000.00 "left in house fund account."

43.     Defendant's Statement of Financial Affairs, Part 11, item 27 failed to list any businesses in which Defendant owned or held an interest, or any connection to any such businesses.  Defendant's amended SOFA, Part 11, item 27 identified only one such business, "Hair Connections Plus," reportedly "currently inactive."

44.     However, the U.S. Trustee's investigation has uncovered a total of at least five (5) undisclosed Business Entities, wherein the Debtor and or her non-filing spouse were either officers or directors, including "Hair Connections Plus," "Optimus Mortgage," "Coty Real Estate Group, Inc.," and "Saxxon & Associates Inc." and perhaps "BSM Kicks, Inc."

45.     Defendant's initial and amended Schedule A/B, item 33 both fail to list any "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment." However, the U.S. Trustee's investigation has uncovered at least two (2) pending lawsuits, LASC Case No. BC525376 and LASC Case No. BC651610—the latter, a personal injury suit seeking

---

[5]Plaintiff has further alleges that Defendant failed to disclose an ownership interest in and to real property in North Carolina through the Rives Trust, as well as in and to the Shenandoah Property.

1   damages for a February 2015 car accident, filed by Defendant less than a week after commencing

2   the instant bankruptcy case.

3       46.    Finally, Defendant's initial and amended Schedule A/B, item 27 both fail to list any

4   "Licenses, franchises and other general intangibles," overtly omitting Defendant's Cosmetologist

5   license and a logically-related amount of income therefrom as a hairstylist/Manager in connection

6   to the also-undisclosed "Hair Connections Plus" salon.

7       47.    Therefore, Plaintiff alleges that Defendant knowingly and fraudulently made false

8   oaths and accounts on her Schedules and statements relating to her actual assets, financial

9   condition, and transfers, redoubling such false oaths during her oral testimony during the § 341(a)

10  examinations to date in this case.

11      48.    Accordingly, Defendant's discharge should be denied as a consequence of

12  knowingly and fraudulently, in connection with the instant case, making a false oath or account.

13                          **FOURTH CLAIM FOR RELIEF**

14      **[Failure to Explain Satisfactorily Loss of Assets under 11 U.S.C. § 727(a)(5)]**

15      49.    Plaintiff hereby realleges and incorporates by this reference each and every

16  allegation contained in paragraph 1 through 48, inclusive, as though fully set forth herein.

17      50.    Pursuant to 11 U.S.C. § 727(a)(5), the Court shall not grant the debtor a discharge if

18  "the debtor has failed to explain satisfactorily, before determination of denial of discharge under

19  this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

20      51.    Plaintiff's investigation to date has revealed significant monetary or asset

21  distributions made by Defendant as "Trustee" of the Rives Trust to or for the benefit of Defendant,

22  her non-filing spouse, various of their Business Entities or insiders, following the passing of

23  Bobbye J. Rives on September 14, 2014, totaling over $85,000.00.

24      52.    Despite prior requests for clarification from Plaintiff and the Trustee, to date,

25  Defendant has essentially failed to clarify or otherwise explain why her initial and amended

26  bankruptcy schedules do not reflect assets consistent with the apparent prepetition transfers made

27  to or for the Defendant's benefit.

28

53.    Moreover, Defendant has failed to produce any business records or documents which explain the scant testimony about how and why the funds and assets were apparently dissipated in this manner.

54.    Therefore, Defendant has failed to explain satisfactorily, before determination of denial of discharge, loss or deficiency of assets to meet her liabilities.

55.    Accordingly, Defendant's discharge in the instant case should be denied as a consequence of failing to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**ON ALL CLAIMS FOR RELIEF**

A.    That Debtor's discharge is denied under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), and (a)(5);

B.    For costs of suit; and

B.    For such other and further relief as the Court deems just and proper.

DATE: September 27, 2017

Respectfully Submitted,
UNITED STATES TRUSTEE

By:_____
      KENNETH G. LAU
      Attorney for the United States Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Office of the United States Trustee, 915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled (*specify*):

**Summons And Notice Of Status Conference In Adversary Proceeding [LBR 7004-1]; Adversary Proceeding Cover Sheet; Notice of Required Compliance with Federal Rule of Bankruptcy Procedure 7026 and LBR 7026-1; Notice of Public Counsel's Debtor Assistance Project Hotline; Complaint To Deny Defendant's Discharge Pursuant To 11 U.S.C. §§ § 727(a)(2), (a)(3), (a)(4) and (a)(5)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09-28-17**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL:** On (*date*) **09-28-17**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **09-28-17**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09-28-17 | Lawrence Pleasant | *(signature)* |
| Date | Print Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| Name | Capacity | Email Address |
|------|----------|---------------|
| Kenneth G. Lau | U.S. Trustee Trial Attorney | Kenneth.G.Lau@usdoj.gov |
| Rosendo Gonzalez (TR) | Chapter 7 Trustee | rgonzalez@ecf.epiqsystems.com, vbowen@gonzalezplc.com, khernandez@gonzalezplc.com, rossgonzalez@gonzalezplc.com |
| Jeremy Faith / Noreen A Madoyan | Counsel for Chapter 7 Trustee | Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com; Noreen@MarguliesFaithlaw.com; Victoria@MarguliesFaithlaw.com; Brian@MarguliesFaithlaw.com |
| Julie J Villalobos | Debtor's Counsel | julie@oaktreelaw.com, oakecfmail@gmail.com; r51108@notify.bestcase.com |
| United States Trustee (LA) | | ustpregion16.la.ecf@usdoj.gov |

*SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2.    **SERVED BY U.S. MAIL**

**Debtor:**
Beverly Monique Murray-Calcote
3166 West Ave M-2
Lancaster CA 93536

3.    **SERVED BY (state method for each person served):**

**FEDERAL EXPRESS OVERNIGHT MAIL**

Judge's Copy:

The Honorable Robert Kwan
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA 90012
Attn: Mail Room Clerk-Judges Copies

**PERSONAL DELIVERY, FACSIMILE OR EMAIL**

Not Applicable

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**