**OAK TREE LAW**
LARRY FIESELMAN, Esq., SBN 81872
CHRISTINA S. KIM, Esq., SBN 276533
Email: Litigation@oaktreelaw.com
10900 183rd Street, Suite 270
Cerritos, California 90703
Telephone: (562) 741-3943
Facsimile: (562) 264-1496

Attorneys for Defendant

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case no. 2:17-bk-11972-RK |
| BEVERLY MONIQUE MURRAY-CALCOTE, | Chapter 7 |
| | Adv. No. 2:17-ap-01487-RK |
| Debtor, | **ANSWER TO COMPLAINT** |
| UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA, REGION 16, | Status Conference |
| | Date: November 28, 2017 |
| | Time: 1:30 p.m. |
| Plaintiffs, | Ctrm: 1675 |
| Vs. | |
| BEVERLY MONIQUE MURRAY-CALCOTE, | |
| Defendants. | |

The defendant herein, Beverly Monique Murray-Calcote, responds to the complaint on file herein by admitting, denying and alleging as follows:

1. This responding defendant admits the allegations in paragraphs 1-6, inclusive.

2. Responding to the allegations in paragraph 7 of the complaint, this responding defendant incorporates herein by reference, as though fully set forth, her responses to paragraphs 1-6, inclusive, of the complaint.

3. This responding defendant admits the allegations in paragraphs 8-11, inclusive, of the complaint.

4. This responding defendant denies the allegations in paragraph 12 of the complaint.

5. Responding to the allegations in paragraph 13 of the complaint, this responding defendant admits that five corporations in which the debtor had a nominal interest were inadvertently omitted from the petition (paragraph 13(a)); that the defendant's cosmetologist license was inadvertently omitted from the petition (paragraphs 13(b)); that three bank accounts in the name of the defendant's mother at Wells Fargo Bank were inadvertently omitted from the filing (paragraph 13(c)); that defendant's name had been placed on her mother's real property at 5453 Shenandoah Avenue, Los Angeles CA 90056 and this was omitted from the petition (paragraph 13(d)); that two pending lawsuits were inadvertently omitted from the petitioner (paragraph 13(e)); that defendant's interest in the Bobbye J. Rives Trust was inadvertently omitted from the petition (paragraph 13(f)). Defendant denies that these omissions were purposeful or were done to mislead or misinform the United States Trustee or her creditors but were done out of ignorance and as a result of inadequate legal counseling. Except for these specific admissions, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph.

6. Responding to the allegations in paragraph 14 of the complaint, this responding defendant alleges that the amendments speak for themselves. This responding defendant denies generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

7. Responding to the allegations in paragraph 15 of the complaint, this responding defendant incorporates herein by reference, her responses to paragraphs 1-14, inclusive.

8. This responding defendant denies, generally and specifically, each and every allegation in paragraphs 16-24, inclusive, and the whole thereof.

9. Responding to the allegations in paragraph 25 of the complaint, this responding defendant incorporates herein by reference, her responses to paragraphs 1-14, inclusive.

10. This responding defendant denies, generally and specifically, each and every allegation in paragraph 26 of the complaint, and the whole thereof.

11. Responding to the allegations in paragraph 27 of the complaint, this responding defendant admits she is a "nominal" owner of this defunct business. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

12. Responding to the allegations in paragraph 28 of the complaint, this responding defendant alleges that the so-called business entities listed in said paragraph are not, in fact, businesses that ever operated or generated income and she further alleges that she had only an interest in name-only in those businesses. Except for these specific statements, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

13. This responding defendant denies, generally and specifically, each and every allegation in paragraphs 29-35, inclusive, and the whole thereof.

14. Responding to the allegations in paragraph 36 of the complaint, this responding defendant incorporates herein by reference, her responses to paragraphs 1-35, inclusive.

15. Responding to the allegations of paragraph 37 of the complaint, this responding defendant alleges that the code section quoted therein speaks for itself. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph 37, and the remainder thereof.

16. This responding defendant admits the allegations in paragraph 38 of the complaint.

17. This responding defendant admits the allegations in paragraphs 39 and 40 of the complaint.

18. Responding to the allegations in paragraphs 41-43, this responding defendant alleges that the schedules, amended schedules, SOFA and amended SOFA speak for themselves. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraphs, and the remainder thereof.

19. Responding to the allegations in paragraph 44 of the complaint, this responding defendant alleges that the entities cited therein were businesses in name only and that this responding defendant did not operate those businesses.

20. Responding to the allegations in paragraph 45 of the complaint, this responding defendant admits she omitted reference to the two lawsuits cited therein. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

21. Responding to the allegations in paragraph 46 of the complaint, this responding defendant once again admits she inadvertently omitted her cosmetologist license from her schedules.

22. This responding defendant denies, generally and specifically, each and every allegation in paragraphs 47 and 48 of the complaint, and the whole thereof.

23. Responding to the allegations in paragraph 49 of the complaint, this responding defendant incorporates herein by reference, her responses to paragraphs 1-48, inclusive.

24. Responding to the allegations in paragraph 50 of the complaint, this responding defendant alleges that the plaintiff has correctly quoted from the code section cited therein. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

25. This responding defendant admits the allegations in paragraph 51 of the complaint.

26. This responding defendant denies, generally and specifically, each and every allegation in paragraphs 52-55, inclusive, and the whole thereof.

27. This responding defendant alleges that the omissions alleged in the complaint were inadvertent and a result of ignorance on the part of this defendant; that said omissions were not intended, nor did they, cause any loss to creditors of the bankruptcy estate.

WHEREFORE, this responding defendant prays for judgment as follows:

1. That plaintiff takes nothing by reason of its complaint herein, or otherwise;
2. For costs of suit incurred herein;
3. For such other and further relief as the court deems just and proper.

Dated: October 30, 2017.

OAK TREE LAW

By: _____
LARRY FIESELMAN
Attorneys for Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10900 183rd Street, Suite 270, Cerritos CA 90703

A true and correct copy of the foregoing document entitled (*specify*): ANSWER TO COMPLAINT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/30/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/30/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/30/2017 | LARRY FIESELMAN | /s/ Larry Fieselman |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

# ATTACHMENT TO PROOF OF SERVICE OF ANSWER TO COMPLAINT

Served by the Court Via Notice of Electronic Filing

*United States Trustee*
Ustpregion16.la.ecf@usdoj.gov

*Counsel for Office of the U.S. Trustee*
Kenneth.G.Lau@usdoj.gov

*Chapter 7 Trustee*
rgonzalez@ecf.epiqsysems.com
vbowen@gonzalezplc.com
khernandez@gonzalezplc.com
rossgonzalez@gonzalezplc.com

*Counsel for Chapter 7 Trustee*
Jeremy@marguiliesFaithlaw.com
Helen@marguiliesFaithlaw.com
Noreen@marguiliesFaithlaw.com
Victoria@marguiliesFaithlaw.com
Brian@marguiliesFaithlaw.com

By Regular U.S. Mail
THE HON. ROBERT KWAN, JUDGE
UNITED STATES BANKRUPTCY COURT
255 East Temple Street, Room 940
Los Angeles CA 90012
Attn: Mail Room Clerk-Judges Copies